The United States District Court

District of Massachusetts



v.

Lowell Police officers Vann,

Derosa and unknown other

Lowell Police officer

## COMPLAINT

1. Plaintiff, is not a resident of the City of Lowell, but a citizen of the United States
2. Defendant is an agent of the City of Lowell.
3. On January 1, 2026, Lowell Regional Transit Authority employee approached Plaintiff as she walked toward the local train station, and did threaten her to leave the premises, including a private building, not owned or operated by the Lowell Regional Transit Authority.
4. The Plaintiff did approach a privately owned building attached to the bus/train station for the purpose of going to a public accommodation.
5. When the plaintiff approached the public accommodation, she was intersected by three Lowell City Police Officers, in the hallway, adjacent to the restaurant.
6. She was told by the police officers to leave the building, stating that the security guard did not want her there.
7. Plaintiff told Lowell Police Officers that the "security guard" at the parking garage (the janitor), had no authority to disallow the plaintiff from entering the public accommodation., yet the three officers continued to block the Plaintiff's movement back to the train station, and stated to the plaintiff that she was not permitted to go back to the train station, for an unarticulated reason.
8. Plaintiff restated he intention of approaching the public accommodation, and the three Lowell Police officers refused to leave, escorting the plaintiff to the restaurant and entering the restaurant with the plaintiff, causing several patrons and restaurant operator to become uncomfortable.
9. Lowell Police refused to allow plaintiff to eat the food she had purchased while in the restaurant, forced her outside the restaurant back into the hallway, and then refused to allow her to travel through the hallway to the train station. They attempted to board the elevator with the plaintiff, which the plaintiff refused.
10. The plaintiff repeatedly requested to speak to a shift commander or supervisor, which was disallowed by the Lowell Police officers.
11. Officer Vann did then threaten to "lay hands on" the plaintiff, if she did not leave the building immediately.

12. The plaintiff was forced to approach the train station, going outside in 15 degree weather, while the three officers traveled through the interior of the building, approaching the plaintiff again at the train station.

13. The plaintiff attempted to approach the platform of the train by using the elevator to the third floor, at which time, all three Lowell Police officers attempted to board the elevator with the plaintiff. When the plaintiff refused, she was threatened again with having "hands laid on" her.

14. The plaintiff attempted to dial 911 due to the false arrest and harassment she was experiencing, and Officer Derosa stating that plaintiff had to wait for the train outside.

15. Officer Vann boarded the elevator, again physically threatened the plaintiff, and disconnected the 911 call.

16. The three Lowell Police officers then stated to the plaintiff that she was not permitted to wait for the train on the property, threatened to arrest her if she did not leave the property, and stood in the street blocking any traffic whatsoever, while watching the plaintiff leave the property, on foot, in 15 degree weather.

17. The plaintiff then attempted to find a telephone to contact the Lowell Police Department due to her not being able to approach the train station, and being falsely arrested.

18. Lowell Police Officers have knowledge that plaintiff has been spending every day for the last several weeks in the Lowell District Court.

19. The plaintiff approached the parking garage adjacent to the District court to attempt to use the telephone, and noticed officer Vann lying in wait at the courthouse. The courthouse was closed on January 1, and the time was approximately 7:30 p.m.

20. Officer Vann then did engage in harassing the plaintiff on the side street next to the parking garage, for no apparent reason.

21. The plaintiff then traveled on foot to a convenience store, again to use a telephone to rectify the issue of not being permitted to access public transportation, and did see Officer Derosa, in the parking lot, lying in wait, trying to leave by approaching the exact location where the plaintiff was standing. The plaintiff again requested to speak with a supervisor. Officer Derosa again refused, and attempted to force the plaintiff to move, using his vehicle to threaten her.

22. Within ten minutes of this incident, the third officer did approach the plaintiff, at the corner of the street where the convenience store is located, and refused to contact a supervisor.

23. Another police vehicle (Lowell Police "17") approached within 5 minutes of this incident.

24. By reason of these unlawful actions, the plaintiff was not permitted to board public transportation, missing the soon approaching train, causing her to walk in an unknown city, in 15 degree weather to find access to a telephone, to rectify the transportation problem that the unlawful arrest caused.

25. By reason of the unlawful actions of the three Lowell Police Officers and the Lowell Regional Transportation Authority janitor/parking attendant, the plaintiff suffered humiliation, not being able to eat the food which she had just purchased, in the restaurant where she had purchased it, having several patrons witness the humiliation, and having the officer then ask the business operator if he wanted to have the plaintiff/patron trespassed.

26. By reason of the unlawful actions by the Lowell Regional Transportation Authority janitor and the Lowell Police officers, the plaintiff did endure severe physical and mental discomfort having to travel on foot away from the train station, then having to search for a public telephone in 15 degree weather, while Lowell Police department 911 operator stated to plaintiff that the

elevator phone was "not her personal telephone" when the plaintiff requested to speak with a shift commander or supervisor plaintiff is entitled to $10,000, and any further damages the court deems appropriate.  The plaintiff seeks judgement against the three police officers individually and in their position as active police officers ,as well as $10,000 against the Lowell Regional Transportation Authority janitors (2) unknown, for their unlawful allegations which brought the Lowell Police officers to the location.

Legura Mandur

No fixed Adress

430 Common Street

Lawrence, MA 01810

No tel. number