UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LEGURA MANDUR,<br>    Plaintiff,<br>v.<br><br>LOWELL POICE OFFICER VANN, et al.,<br>    Defendants. | Civil No. 26-cv-10115-ADB |

## ORDER

BURROUGHS, D.J.

1. The motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], is <u>ALLOWED</u>.

2. The motion to seal case, [Dkt. No. 4], is DENIED. The Court is guided both by First Circuit precedent and Local Rule 7.2.[1] Because the public has a "presumptive" right of access to judicial documents, <u>United States v. Kravetz</u>, 706 F.3d 47, 59 (1st Cir. 2013) (citing <u>Siedle v. Putnam Invs., Inc.</u>, 147 F.3d 7, 10 (1st Cir. 1998)), "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" <u>Id.</u> (quoting <u>In re Providence Journal Co.</u>, 293 F.3d 1, 10 (1st Cir. 2002)). "[I]t is proper..., after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." <u>Kravetz</u>, 706 F.3d at 62 (internal quotation marks omitted). Here, there is not sufficient countervailing interests to justify sealing the case in full. Plaintiff may wish to seek leave to file publicly available, redacted versions of

---

[1] Local Rule 7.2 sets forth the process for having confidential information impounded or filed under seal. Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court. The impounded material will be scanned and docketed in CMECF and restricted from public access."

the pleadings on the docket. If so, she must file a motion and memorandum of law that complies with Local Rule 7.2, demonstrating good cause for filing a redacted pleading. "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal [or portion thereof], depends on the nature of the filing." Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). The Court will review the plaintiff's filings, the proposed redactions, and may accept, reject, or modify such proposed redactions.

3. The Clerk shall issue summonses for service of the complaint and send the summonses, a copy of the complaint, and this Order to the plaintiff, who must serve the defendants with these documents in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. The plaintiff may elect to have service made by the United States Marshals Service ("USMS"). If plaintiff chooses to have service completed by the USMS, she shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

5. Plaintiff shall have 90 days from the date of this Order to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass).

**SO ORDERED.**

February 2, 2026                                          /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE